UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CEDRIC BARQUET,<br><br>                Petitioner,<br><br>    v.<br><br>THE UNITED STATES OF AMERICA,<br><br>                Respondent. | Case No.  C12-1050RSL<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

## I. INTRODUCTION

This matter comes before the Court on Petitioner Cedric Barquet's motion to vacate, correct, or set aside his conviction and sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 1) and Petitioner's motion for an evidentiary hearing pursuant to 28 U.S.C. § 2255(b) (Dkt. # 11).  Petitioner seeks an order vacating his conviction for conspiracy and correcting the sentence imposed on February 26, 2010, in CR08-82-RSL. Dkt. # 1-1 at 1.[1]

## II. BACKGROUND

In March 2008, Petitioner and 14 co-defendants were charged with conspiracy to distribute at least five kilograms of cocaine and 50 or more grams of crack cocaine.  CR 1.  One year later, the grand jury returned a second superseding indictment charging

---

[1] "Dkt." refers to docket entries in Petitioner's § 2255 case.  "CR" refers to docket entries in the underlying criminal case, CR08-82-RSL.

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 1

Petitioner with one count of possession of 50 grams or more of crack cocaine with intent to distribute, and two counts of possession of unspecified amounts of cocaine with intent to distribute in addition to the charge of conspiracy.  CR 447.

Petitioner and his co-defendant, Juan Salinas Bautista,[2] were tried before a jury in May 2009.  At trial, the government presented its theory that Petitioner's co-defendants, Shawn Piper and Nicola Kilcup, were the leaders of the conspiracy and Petitioner purchased cocaine powder from them and redistributed it in the form of crack cocaine.  The government presented evidence that Piper and Kilcup regularly purchased at least one kilogram of cocaine powder from Bautista, which they would sell to Petitioner and other drug dealers.  The jury found Petitioner guilty of each charge against him and found that it was reasonably foreseeable to Petitioner that the conspiracy involved the distribution of five kilograms or more of cocaine and 50 grams or more of crack cocaine.  CR 531.  Under 21 U.S.C. § 841(b), the mandatory minimum sentence for these quantities was 10 years imprisonment.[3]  The jury also found that Petitioner possessed 50 grams or more of crack cocaine with intent to distribute, which also triggered the 10 year mandatory minimum sentence.  Id.

On February 26, 2010, this Court sentenced Petitioner to 144 months imprisonment followed by five years of supervised release.  CR 654.  Petitioner appealed the Court's pre-trial denial of his motion to suppress evidence obtained as a result of the wiretap and the Court's denial of his request for a Franks hearing.  The Ninth Circuit affirmed the Court's rulings and issued the mandate on July 1, 2011.  CR

---

[2] Petitioner's other co-defendants pleaded guilty prior to trial.

[3] At the time of Petitioner's trial and sentencing, the statute provided an enhanced sentence for a violation involving 50 grams or more of a mixture containing cocaine base.  In 2010, Congress amended 21 U.S.C. § 841(b)(1)(A)(iii) to require a finding of 280 grams rather than 50 grams of a mixture containing cocaine base.  Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372.

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 2

699.  Petitioner timely filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.

In his motion, Petitioner admits guilt as to the three counts of possession with intent to distribute, Dkt. # 1-1 at 17 n.8, 27, and he does not seek to vacate or set aside his conviction of these counts, Dkt. # 1 at 13.  He requests only that the Court vacate his conviction for conspiracy to distribute cocaine and crack cocaine and correct his sentence accordingly.  Id.

### III.  DISCUSSION

To succeed on a claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was (1) deficient and (2) prejudicial to the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).  He must overcome a strong presumption that "the challenged action might be considered sound trial strategy."  Id. at 689 (internal quotation marks and citation omitted).

To meet the first requirement, objectively unreasonable performance, a convicted defendant must point to specific acts or omissions by counsel that he believes not to be the product of sound professional judgment.  Id. at 690.  To satisfy the second requirement, prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  This requires "a probability sufficient to undermine confidence in the outcome."  Id.  The Court's focus is on the fundamental fairness of the proceeding.  Id. at 696.  If Petitioner fails to meet one requirement, the Court need not analyze whether the other requirement is satisfied.  Id. at 697.

The standard for evaluating claims that appellate counsel provided ineffective assistance is also that enunciated in Strickland.  Thus, to succeed on his claims regarding appellate counsel, Petitioner must show (1) that counsel was objectively unreasonable in

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 3

failing to raise the issues identified and (2) that those claims had a reasonable probability of success on appeal. Smith v. Robbins, 528 U.S. 259, 285 (2000). Appellate counsel's failure to raise issues on appeal that would not provide grounds for reversal does not constitute ineffective assistance of counsel. Wildman v. Johnson, 261 F.3d 832, 840 (9th Cir. 2001); Gustave v. United States, 627 F.2d 901, 906 (9th Cir. 1980) ("There is no requirement that an attorney appeal issues that are clearly untenable.").

Petitioner raises several claims of ineffective assistance of counsel during trial and on appeal. The Court considers each argument in turn.

**A. Evidentiary Hearing**

As a preliminary matter, Petitioner requests an evidentiary hearing pursuant to 28 U.S.C. § 2255(b). Dkt. # 8, 11. Ninth Circuit law does not require an evidentiary hearing on a motion to vacate under § 2255 if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Moore, 921 F.2d 207, 211 (9th Cir. 1990). Generally, an evidentiary hearing is required if the motion is based on matters outside the record or events outside the courtroom. United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989).

Petitioner's motion contending that he was denied effective assistance of counsel is based entirely on proceedings captured by the record in the underlying criminal case. The parties' memoranda, the record of the underlying criminal case, including transcripts from the trial and sentencing hearing, as well as the parties' pretrial, trial, and post-trial submissions, conclusively show that Petitioner is not entitled to the relief he seeks. Petitioner's motion for an evidentiary hearing (Dkt. # 11) is therefore DENIED.

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 4

**B.  Ineffective Assistance of Counsel at Trial**

**1.  Failure to Object to Playing of Video During Jury Deliberations**

Petitioner contends that his trial counsel's performance was ineffective because he failed to object to the re-playing of a surveillance video from a camera located outside Kilcup's residence.  He also argues that trial counsel should have requested a cautionary instruction telling the jury to consider all of the evidence presented, not just the video.  Dkt. # 1-1 at 31-33.  Id.

The video footage, which had previously been admitted and shown to the jury during trial, showed Bautista arriving at Kilcup's residence.  The video later shows Kilcup leaving the residence.  Wiretap recordings of phone calls made that day revealed that Bautista was delivering cocaine to Kilcup and after receiving the delivery, Kilcup left the house to meet Petitioner.  Dkt. # 1-1 at 32.

While Petitioner is correct that generally before the playback of a video during deliberations the trial court should admonish the jury not to give such evidence undue emphasis, United States v. Richard, 504 F.3d 1109, 1114 (9th Cir. 2007), his counsel's failure to object or request a cautionary instruction does not constitute ineffective assistance of counsel in this case.  As Petitioner acknowledges in his motion, the government presented ample evidence of Petitioner's criminal activity, including testimony by agents who observed meetings between Barquet and Kilcup, wire-tapped telephone conversations, and seizures of drugs linked to Petitioner.  Dkt. # 1-1 at 20-21; see also CR 615 at 12-16; CR 616 at 64-67.  In light of the evidence incriminating Petitioner, as well as his admission that he purchased cocaine from Kilcup, Dkt. # 1-1 at 17 n.8, 27, the Court cannot conclude that but for his counsel's failure to object or request a cautionary instruction the outcome would have been different.  Strickland, 466 U.S. at 694.  Even if the Court had given a cautionary instruction, there is no reason to believe that the result would have been different.

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 5

**2. Counsel's Approval of the Court's Supplemental Instruction**

During deliberations, in addition to requesting to watch the surveillance video again, the jury asked the following question: "For special verdict questions for Count Number 1, parts A and B, do the amounts pertain to the amounts involving the conspiracy as a whole, or do they pertain to what was reasonably foreseeable to each defendant?" CR 623 at 3.

The Court, after discussion with counsel, submitted the following written answer to the jury:

> You only answer the special verdict question for Count 1 if you have found the defendant guilty of conspiracy to distribute cocaine and crack cocaine. The special verdict question for Count 1, parts A and B, asks you to find the amounts that were reasonably foreseeable to the defendant as being involved in the entire conspiracy that you found the defendant guilty of in Count 1.

Dkt. # 623 at 6.

Despite Petitioner's arguments to the contrary, counsel's failure to object to the Court's supplemental instruction was not deficient under Strickland. First, Petitioner appears to confuse co-conspirator liability for substantive crimes under Pinkerton v. United States, 328 U.S. 640 (1946), with the requirement that the quantity of drugs attributed to a conspirator under 21 U.S.C. § 841(b) must be either reasonably foreseeable to the defendant or within the scope of the defendant's agreement with his coconspirators. In Pinkerton, the Supreme Court held that a defendant may be held liable for a substantive offense committed by a co-defendant as long as the crime occurred in the course of the conspiracy, was within the scope of the agreement, and was reasonably foreseeable as a result of the agreement. 328 U.S. at 645-47. With respect to the quantity of drugs attributable to a coconspirator, Ninth Circuit case law requires that "section 841(b)'s enhancement be based on the type and quantity of drugs that either (1) fell within the scope of the defendant's agreement with his coconspirators

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 6

or (2) were reasonably foreseeable to the defendant." United States v. Lococo, 514 F.3d 860, 865 (9th Cir. 2008) (internal quotation marks and alterations omitted). Pinkerton is inapplicable to the conspiracy charge against Petitioner, and the Court's supplemental instruction, as well as the special verdict form, informed the jury that the quantity attributable to Petitioner must be that which was reasonably foreseeable to him, CR 623 at 6; CR 531 at 1.

Petitioner also contends that the Court omitted an element of conspiracy in its instructions and his counsel's performance was deficient because he did not object to the Court's supplemental instruction. Dkt. # 1-1 at 37. The Court disagrees. The Court's original conspiracy instruction is nearly identical to the Ninth Circuit's Model Instruction and includes all of the elements necessary to establish the crime of conspiracy. Compare CR 526 at 18-19, with Ninth Circuit Model Criminal Jury Instruction § 8.20. Similarly, the Court's original instruction to the jury regarding its obligation to determine the amount of controlled substances attributable to Petitioner also nearly mirrors the Ninth Circuit's model instruction. Compare CR 526 at 30, with Ninth Circuit Model Criminal Jury Instruction § 9.16. Because this supplemental instruction correctly stated the law, the Court cannot conclude that counsel's failure to object to it fell below an objectively reasonable standard or prejudiced Petitioner's defense.

**3. Failure to Object During the Government's Closing Argument**

Similarly, the Court finds that Petitioner's counsel's failure to object to statements during the government's closing arguments does not rise to the level of ineffective assistance of counsel. See Dkt. # 1-1 at 42-43. Counsel for the government emphasized that the relevant quantity of drugs for the conspiracy charge was that involved in the whole conspiracy, not just the particular amount handled by each defendant. CR 618 at 118-19. As Petitioner acknowledges though, the special verdict

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 7

form and the Court's supplemental instruction correctly instructed the jury that the amount attributable to each defendant for the conspiracy charge was that which was foreseeable to each individual defendant. CR 623 at 6; CR 531 at 1. Based on these correct statements of the law, it is unlikely that Petitioner's failure to object to the prosecutor's statements prejudiced Petitioner. See Weeks v. Angelone, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow its instructions.").

Furthermore, the Court cannot conclude that counsel's failure to object fell below an objective level of was effective representation. "[M]any trial lawyers refrain from objecting during closing argument to all but the most egregious misstatements by opposing counsel on the theory that the jury may construe their objections to be a sign of desperation or hyper-technicality." United States v. Molina, 934 F.2d 1440, 1448 (9th Cir. 1991).

### 4. Failure to Ensure the Jury Instructions Included the Elements of Conspiracy Charge

Petitioner also contends more generally that his counsel's performance was deficient for failing to ensure that the Court provided a Pinkerton instruction. Dkt. # 1-1 at 44-49. Again, Petitioner misinterprets the theory of liability underlying Pinkerton. Contrary to Petitioner's argument, Pinkerton does not provide "the modern view of conspiracy." Id. at 46. Because Petitioner was not charged with, nor found guilty of, a substantive crime under a Pinkerton theory, it would have been inappropriate and confusing to include an instruction setting forth that theory of liability. Furthermore, as explained above, the Court's instructions and supplemental instruction included all of the elements of the crimes with which Petitioner was charged and of which Petitioner was found guilty. Thus, Petitioner's counsel was not ineffective for failing to ensure that a Pinkerton instruction was given to the jury.

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 8

**5. Failure to Obtain a Proper Buyer-Seller Instruction**

Petitioner's penultimate argument regarding trial counsel's performance lacks merit. Petitioner contends that his counsel's performance was deficient because he failed to propose the Seventh Circuit's model instruction regarding a buyer-seller relationship. Dkt. # 1-1 at 50-56. As Petitioner's counsel acknowledged during trial, there is no Ninth Circuit model jury instruction regarding a buyer-seller relationship. See CR 618 at 75. The Court, however, included an instruction covering this theory of the case after discussion with counsel, id. at 71-76, and Petitioner has not established a reasonable probability that but for counsel's failure to propose the Seventh Circuit's model instruction, the outcome would have been different.

Nevertheless, Petitioner contends that the instruction to which his counsel agreed was too general because it did not include the words "buyer" and "seller." Although Petitioner is correct that these words were not present in the particular instruction given by the Court, Petitioner has not shown that the instruction was inadequate or ambiguous. On the contrary, the instruction is clear that the occurrence of multiple sales between parties does not necessarily suggest the existence of a conspiracy. See CR 618 at 75-76. The instruction adequately covered the defense theory of the case and enabled Petitioner's counsel to present this theory during closing arguments. Id. at 146-54. Petitioner, therefore, fails to establish that his counsel's decision to agree to an instruction drafted by the parties rather than proposing the Seventh Circuit's model buyer-seller instruction constitutes ineffective assistance of counsel.

**6. Misrepresentation of Evidence**

Petitioner's final argument regarding trial counsel focuses on counsel's references to the fact that Petitioner owed Piper and Kilcup money for the drugs he received from them. Dkt. # 1-1 at 57. Petitioner identifies two incidents during trial which he contends show his counsel's acceptance of the fact that Petitioner received

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 9

drugs on credit and he alleges that his defense was prejudiced by these incidents. The Court disagrees.

In light of the evidence presented during trial and Petitioner's buyer-seller defense, the Court cannot conclude that these statements were not part of counsel's strategy to establish that Piper and Kilcup operated a business that was independent from Petitioner's business. During his cross-examination of Special Agent Ian Wallace, Petitioner's counsel drew out testimony suggesting that Piper was trying to collect money from Petitioner. CR 616 at 56. Similarly, Petitioner's counsel's closing argument emphasized that Piper, like any businessman, expected to be paid in exchange for his products. CR 618 at 150-51. Rather than establishing that Petitioner was fronted drugs, Petitioner's counsel's technique suggests that Piper expected to be paid for his drugs just like any other businessman would. Id. Given the wide latitude trial counsel has to make tactical decisions, Petitioner's counsel's statements supporting his theory of the case do not fall outside the range of reasonable professional assistance. See Strickland, 466 U.S. at 689.

**C. Ineffective Assistance of Counsel on Appeal**

    **1. Conspiracy Jury Instructions**

Petitioner contends that appellate counsel's performance was deficient and prejudicial based on her failure to raise several issues on appeal, many of which have been outlined above.

Petitioner argues that appellate counsel's failure to challenge the Court's conspiracy jury instructions constitutes ineffective assistance of counsel. However, as explained above, the Court's conspiracy instructions mirror the Ninth Circuit Model Criminal Jury Instructions. Thus, the Court's failure to provide further instruction that a conspiracy to distribute controlled substances requires an agreement to commit a crime beyond a drug sale was not error. United States v. Treadwell, 593 F.3d 990, 998 (9th

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 10

Cir. 2010) (upholding district court's "intent to defraud" instructions because they were taken from Ninth Circuit Model Criminal Jury Instructions).

### 2. Special Verdict Form

Similarly, counsel's failure to pursue on appeal the language of the Court's special verdict form was not ineffective assistance of counsel. See Dkt. # 1-1 at 84-88. The special verdict form instructed the jury that if it found Petitioner guilty of conspiracy to distribute cocaine and crack cocaine, it should determine the quantity of cocaine and crack cocaine that were reasonably foreseeable to Petitioner. CR 531 at 1-2. This section of the form also instructed the jury to "select the largest quantity unanimously agreed upon." Id. at 1. Petitioner argues that this language directed the jury to select the largest quantity listed, which was the quantity charged in the indictment, thereby "[u]surping the jury's fact finding role as to drug quantity and in contravention of Ap[p]rendi." Dkt. # 1-1 at 86. The Court disagrees.

Under Apprendi v. New Jersey, 530 U.S. 466 (2000), before a defendant may be exposed to an increased sentence under 21 U.S.C. § 841(b) based on quantity and type of controlled substance, these facts "must be charged in the indictment, submitted to the jury, subject to the rules of evidence, and proved beyond a reasonable doubt." United States v. Buckland, 289 F.3d 558, 568 (9th Cir. 2002) (en banc). In Petitioner's case, the quantities listed on the special verdict form were taken from § 841(b) and the largest quantity corresponded to the amounts charged in the indictment to enable the government to pursue an enhanced sentence should the jury find him guilty. Id.; 21 U.S.C. § 841(b)(1)(A)(ii), (iii). The language about which Petitioner complains complies with the law requiring a unanimous finding of amount. See Ninth Circuit Model Criminal Jury Instruction § 9.16 (requiring unanimous finding of quantity attributable to defendant found guilty of conspiracy to distribute controlled substance). Because the largest quantity encompassed both smaller amounts, the language was

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 11

designed to prevent the jury from selecting each option should it unanimously agree on the largest amount. CR 618 at 70-71. In other words, the verdict form instructed the jury to select just one quantity for each type of drug if it found Petitioner guilty of the crime. While this could have been achieved without reference to the largest quantity, it is unlikely that the jury was misled by the language actually used in the special verdict form. Therefore, the Court finds that it unlikely that there would have been a different outcome had appellate counsel raised this issue on direct review.

### 3. Court's Failure to Make Findings Regarding Drug Quantity

Petitioner also contends that appellate counsel was ineffective for failing to appeal the Court's failure to make particularized findings regarding the quantity of drugs attributable to him. In essence, he argues that the Court, not the jury, should have made these findings of fact before sentencing and appellate counsel erred in not raising this issue on appeal. Dkt. # 1-1 at 88-91. This argument, however, is foreclosed by Ninth Circuit law. "[A]fter Apprendi, a judge's determination of drug quantity which increases the maximum sentence to which the defendant is exposed under the crime of conviction is 'clear' and 'obvious' error. Buckland, 289 F.3d at 568. Because the Court's reliance on the jury's findings regarding drug quantity would not have been grounds for reversal, appellate counsel's decision not to raise this issue on appeal was not ineffective assistance. See Wildman, 261 F.3d at 840.

### 4. Sufficiency of the Evidence

Petitioner argues that appellate counsel's representation fell below an objectively reasonable standard because she did not argue on appeal that the evidence was insufficient to sustain the conspiracy conviction. Dkt. # 1-1 at 70-83. Because Petitioner has not shown a likelihood that this argument would have succeeded on appeal, his claim fails under Strickland.

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 12

When determining whether the evidence presented at trial is sufficient to sustain a conviction, the Ninth Circuit considers the evidence in the light most favorable to the prosecution. United States v. Nevils, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc). "[T]he relevant question is whether. . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).

To establish that Petitioner was involved in a conspiracy to distribute controlled substances, the government must show (1) an agreement between Petitioner and someone else to accomplish an illegal objective; and (2) the intent to commit the underlying crime. United States v. Iriarte-Ortega, 113 F.3d 1022, 1024 (9th Cir. 1997). A conspiracy may be established by circumstantial evidence that "defendants acted together in pursuit of a common illegal goal." United States v. Mincoff, 574 F.3d 1186, 1192 (9th Cir. 2009). "Coordination between conspirators is strong circumstantial proof of agreement; as the degree of coordination between conspirators rises, the likelihood that their actions were driven by an agreement increases." Iriarte-Ortega, 113 F.3d at 1024. A defendant may be involved in a conspiracy "even if [he] did not know all the conspirators, did not participate in the conspiracy from its beginning or participate in all its enterprises, or otherwise know all its details." United States v. Grasso, – – – F.3d – – – –, 2013 WL 3854655, at *5 (9th Cir. July 26, 2013).

Here, it would have been futile for appellate counsel to raise an argument that the evidence was not sufficient to support a conspiracy conviction. Viewing the evidence in the light most favorable to the government, there was ample evidence from which a reasonable jury could have concluded that Petitioner's relationship with Kilcup and Piper was more than a mere buyer-seller relationship. Petitioner does not dispute (and the evidence showed) that he purchased drugs from Kilcup and Piper on several occasions. Dkt. # 1-1 at 27. The evidence showed that he regularly received resale

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 13

quantities of cocaine powder and paid for it later, after he had converted it to crack cocaine and sold it to customers. See CR 614 at 79, 87-88, 199, 62-63. This evidence alone is sufficient for the jury to infer that Petitioner was involved in the conspiracy. United States v. Montgomery, 150 F.3d 983, 1002 (9th Cir. 1998) ("certain conduct may be sufficient to indicate the existence of more than a buyer-seller relationship. . . including: arranging contacts and meetings. . . and transaction in large quantities with regularity.") (internal quotations and alterations omitted).

More importantly for the conspiracy charge, wiretap recordings, testimony from co-defendants, and testimony from agents who conducted surveillance showed that Petitioner understood his role in the collective effort to distribute cocaine and crack cocaine beyond the transactions between him and Kilcup and Piper. The evidence suggested that Petitioner depended on Piper and Kilcup to supply him with cocaine powder that he could convert to crack cocaine to sell to customers. Petitioner would then use the money he received from those sales to pay Kilcup and Piper, which enabled them to purchase more cocaine powder at bulk prices. The wiretap recordings presented strong evidence that Petitioner knew that his continued success depended on Piper and Kilcup continuing to purchase quality cocaine powder that could be made into crack cocaine.

Additionally, the government presented evidence that Kilcup and Piper also recognized the important role Petitioner played in the overall scheme, and their conduct signaled this value to Petitioner. For example, when Petitioner complained about the product he received from them, Kilcup made sure that the product was "fixed" so that Petitioner could further distribute it. CR 614 at 80-82; CR 615 at 109-10. Similarly, the wiretap recordings revealed a series of meetings between Piper or Kilcup and Petitioner followed by Piper telling Petitioner that he needed to pay so they could continue to purchase quality cocaine powder. See CR 616 at 9-26, 57.

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 14

1  In sum, the government presented sufficient evidence from which a reasonable
2  jury could conclude that Petitioner "was involved in a broad project to distribute cocaine
3  [and crack cocaine] and that his benefit depended on the success of the operation."
4  United States v. Shabani, 48 F.3d 401, 403 (9th Cir. 1995).  Because it is unlikely that
5  Petitioner's sufficiency of the evidence argument would have resulted in a reversal on
6  appeal, the Court finds that appellate counsel did not provide ineffective assistance of
7  counsel by failing to present this argument.

**5. Downward Adjustment for Acceptance of Responsibility**

Finally, Petitioner contends that appellate counsel was ineffective for failing to appeal the Court's denial of a downward adjustment for acceptance of responsibility during sentencing.  Dkt. # 1-1 at 91-94.  Petitioner argues that the Court erred by denying him a two-level downward adjustment and by failing to make specific factual findings and instead adopting the findings in the presentence report.  Id. at 92-93.  Because these were clear errors, Petitioner contends, appellate counsel should have presented these issues on appeal and if she had, the outcome would have been different.  Id. at 94.  The Court disagrees.

With respect to Petitioner's first argument, the Court finds that appellate counsel's decision not to raise the Court's denial of a downward adjustment was not ineffective assistance.  The Ninth Circuit reviews a district court's findings of fact regarding acceptance of responsibility under the clearly erroneous standard, affording "great deference on review because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility."  United States v. Martinez-Martinez, 369 F.3d 1076, 1089-90 (9th Cir. 2004) (internal quotation marks and citation omitted).

Although Petitioner admitted certain facts involving sales of controlled substances, he did not confess to having conspired to distribute cocaine and crack

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 15

cocaine and he held the government to its burden of proof on all counts against him in the second superseding indictment.  Petitioner is correct that "a judge cannot rely upon the fact that a defendant refuses to plead guilty and insists on his right to trial as the basis for denying an acceptance of responsibility adjustment."  United States v. Mohrbacher, 182 F.3d 1041, 1052 (9th Cir. 1999).  Consistent with this approach, the Court expressly stated during the sentencing hearing that it was not punishing Petitioner for going to trial.  CR 672 at 24.  In light of the deferential standard of review, Petitioner's refusal to admit his guilt for the offenses charged, and the Court's statements during the sentencing hearing, it is not likely that Petitioner's argument would have been successful on appeal.  See Mohrbacher, 182 F.3d at 1052 ("[A] refusal to admit one's guilt of the elements of an offense permits a district court to exercise its discretion to deny an acceptance of responsibility adjustment.").

Turning now to Petitioner's second argument regarding the Court's denial of a downward adjustment, appellate counsel's decision not to pursue the Court's failure to make specific findings regarding its decision does not constitute ineffective assistance.  During the sentencing hearing, the Court made clear that it had considered both the pre-sentence report recommending that Petitioner not receive a downward adjustment, as well as Petitioner's objection to that recommendation.  CR 672 at 23.  Where, as here, there were no predicate facts in dispute and the Court expressly found that Petitioner did not qualify for a two-level downward adjustment based on acceptance of responsibility, the Court was not required to explain its reasons for its finding.  United States v. Marquardt, 949 F.2d 283, 285 (9th Cir. 1991); see also Mohrbacher, 182 F.3d at 1052 ("as long as [the Ninth Circuit] can determine that the district court considered the defendant's objections and did not rest its decision on impermissible factors, no specific explanation of the reasons is required for denying a defendant a downward adjustment for acceptance of responsibility.").  Thus, it is not likely that the outcome would have

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 16

been different had appellate counsel pursued the Court's failure to provide reasons for its denial of a downward adjustment and counsel was not ineffective by failing to raise it on appeal.

## IV.  CONCLUSION

For all of the foregoing reasons, Petitioner's motion to vacate, set aside, or correct sentence (Dkt. # 1) and his motion for an evidentiary hearing (Dkt. # 11) are DENIED.

DATED this 7th day of August, 2013.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 17